IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERRON FIELDS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-2498 |
| | : | |
| JOHN SCHAFFER, et al., | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**STENGEL, J.**                                                    **October 3, 2007**

The plaintiff, Verron Fields, is a pro se prisoner who is attempting to bring a qui

tam action against John Schaffer and the Pennsylvania Department of Corrections.  Mr.

Fields initiated this action by filing a Motion to Proceed *In Forma Pauperis* on June 20,

2007.  This motion was denied because Mr. Fields failed to file a certified copy of his

prisoner account for the six month period prior to the filing of his complaint.  Mr. Fields

then filed a Motion to Reinstate Claim and Accept Certified Prison Account which was

granted on July 26, 2007.  Next, Mr. Fields filed a Motion to Request a Preliminary

Injunction on August 7, 2007.  This motion was denied on its face and the plaintiff was

ordered to file a complaint within twenty (20) days of the August 16, 2007 Order or the

court would dismiss the complaint.  In response, Mr. Fields filed a Motion for

Clarification on August 29, 2007 requesting clarification on three issues.

**I.      The Complaint**

There is no record of a complaint being filed in this case.  In order for this civil

action to proceed, there must be a complaint filed with the court according to Rule 3 of

the Federal Rules of Civil Procedure.[1]  A motion for an injunction is not a complaint and

does not suffice to start a civil action.

## II.    Caption

The correct heading for this case is Verron Fields v. John Schaffer, et al.  John

Schaffer is the named defendant because Mr. Fields initial Motion for Leave to Proceed

*In Forma Pauperis* listed John Schaffer as the first defendant.  Mr. Fields is the named

plaintiff because he initiated this case.  The United States is not the listed plaintiff

because without the complaint this suit was not listed as a qui tam case.  Further, a pro se

prisoner cannot simply name himself a qui tam representative on behalf of the United

States without serving a copy of the complaint and written disclosure of substantially all

material evidence and information on the Government pursuant to Rule 4(d)(4) of the

Federal Rules of Civil Procedure.  31 U.S.C.A. § 3730 (2007).  The Government may

then elect to intervene and proceed with the action within sixty (60) days after it receives

both the complaint and the material evidence and information.  Id.  This suit appears on

its face to lack merit, but without the complaint it is difficult to determine the legitimacy

of this action.

## III.   Type of Action

It is impossible to determine the nature of this suit without a complaint.   The fact

---

[1] A civil action is commenced by filing a complaint with the court.  FED R. CIV. P 3.

that Mr. Fields is a pro se prisoner does not automatically make this a § 1983 Civil Rights

Suit.  Further, simply because Mr. Fields avers that this is a qui tam suit does not mean

that he may be able to bring a lawsuit in the name of the Government.  See 31 U.S.C.A. §

3730(b) (2007).  He must not only meet all the procedural requirements of a qui tam case,

he must also have standing to bring suit under Article III of the United States

Constitution.  In order to have standing, a plaintiff must have suffered an "injury in

fact"—an invasion of a legally protected interest which is (a) concrete and particularized,

and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a

causal connection between the injury and the conduct complained of—the injury has to be

fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the

independent action of some third party not before the court.  Third, it must be likely, as

opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  An appropriate order

follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERRON FIELDS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 07-2498** |
| | : | |
| **JOHN SCHAFFER, et al.,** | : | |
| **Defendant.** | : | |

## O R D E R

**STENGEL, J.**

AND NOW, this 3rd day of October, 2007, upon consideration of plaintiff's

Motion for Clarification  (Document #9), it is hereby **ORDERED** that the motion is

**DENIED**.  Plaintiff is ordered to file a complaint within ten (10) days of this order or the

court will dismiss this case.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.