**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VERRON FIELDS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2498 |
| | : | |
| JOHN SCHAFFER, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

STENGEL, J.                                                              October 6, 2008

This is a *pro se* copyright case.  The plaintiff, Verron Fields, alleges that the

Defendants (John Schaffer,[1] the Pennsylvania Department of Corrections (PA DOC), Kay

Monigold,[2] and Friendship Cable of Texas, Inc. (FCT)) have violated 17 U.S.C.A. §§

111(d), 119(b) (West 2008).[3]  These statutes requires certain cable systems and satellite

---

[1] Schaffer is the Executive Deputy Secretary of the Pennsylvania Department of Corrections.  (Pl.'s Am. Compl. at 2).

[2] Monigold was the Vice President of Friendship Cable of Texas, Inc.  (Id.).

[3] Section 111(d) provides, in pertinent part:

**Statutory License for Secondary Transmissions by Cable Systems. -**
(1) A cable system whose secondary transmissions have been subject to statutory licensing under subsection (c) shall . . . deposit with the Register of Copyrights . . .

(A) a *statement of account* . . . specifying the number of channels on which the cable system made secondary transmissions to its subscribers, the names and locations of all primary transmitters whose transmissions were further transmitted by the cable system, the total number of subscribers, the gross amounts paid to the cable system for the basic service of providing secondary transmissions of primary broadcast transmitters, and such other data . . . .  Such statement shall also include a *special statement of account* covering any nonnetwork television programming that was carried by the cable system in whole or in part . . . .

(B) [A] *total royalty fee* for the period covered by the statement [as

carriers to submit a statement of account and royalty fees to the Register of Copyrights. Fields alleges that these parties have failed to comply with these requirements.

Schaffer and the PA DOC have filed motions to dismiss pursuant to FED. R. CIV. P. 12(b).  Schaffer argues that Fields lacks standing and that the complaint fails to state a claim upon which relief can be granted; PA DOC, lack of subject matter jurisdiction. After reviewing the motions, responses, and pleadings, I will grant both motions and dismiss the complaint.

## I. Background

Fields is currently incarcerated at the State Correctional Institution at Graterford, PA.  After several attempts, Fields was finally able to file his complaint properly on November 16, 2007.  Even before his complaint was filed, however, Fields submitted various motions for a preliminary injunction (August 7, 2007); clarification (August 29,

---

computed under the subsection] . . . .

§ 111(d) (emphasis added).

Section 119(b) provides, in pertinent part:

(1) **Deposits with the Register of Copyrights.** - A satellite carrier whose secondary transmissions are subject to statutory licensing under subsection (a) shall . . . deposit with the Register of Copyrights . . .

(A) a *statement of account* . . . specifying the names and locations of all superstations and network stations whose signals were retransmitted . . . to subscribers[,] . . . the total number of subscribers that received such retransmissions, and such other data as . . . prescribe[d] by regulation; and

(B) a *royalty fee* for that . . . period [as computed under the subsection]

§ 119(b) (emphasis added).

2007); and to search the record (October 10, 2007).  All were denied.[4]  (Documents #8, 12, 15).  The complaint was finally filed on November 16, 2007.[5]  The summons and complaint were served on Schaffer and the PA DOC on February 22, 2008.  The answers were due on March 13, 2008.  No replies were received.

The complaint alleges that Monigold and Schaffer, in their official capacities, had entered into a cable service contract for the PA DOC.  (Pl.'s Amen. Compl. at 2).  To receive cable service, the inmates must sign a subscription agreement authorizing the PA DOC to deduct a set amount from their accounts monthly.  (Id.).  As a result of this agreement between the FTC and the PA DOC, the complaint alleges that Monigold is operating as a "satellite carrier," subjecting her to the requirements of section 119.  (Id. at 3).  Under this section, Monigold would be required to provide statements of account, special statements of account, and royalty fees to the Register of Copyrights.  Similarly, Schaffer is alleged to be operating as a "distributor and Cable System [sic]."  (Id.).  Under section 111, Schaffer would be required to provide substantially the same material.  The complaint alleges that the defendants have not complied, but it does not provide any specific facts beyond general conclusions.[6]

---

[4] Plaintiff appealed the dismissal of his preliminary injunction motion.  The case was dismissed for "failure to timely prosecute . . . ."  (Document #21).

[5] The docket report indicates that the court's order denying the motion for clarification directed the plaintiff to file a complaint within ten days of the order.  (Document #12).  The amended complaint, however, was not filed until a month later.

[6] I note that neither section provides Fields a private right of action.  This is discussed in greater detail.

Anticipating a challenge to his standing, Fields alleges that his liberty and property interests are at risk to collateral attack because he "[has been] made an accessory, accomplice and coconspirator in The Defendants [sic] criminal enterprise." (Id. at 2). He cites 18 U.S.C. § 371:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined . . . or imprisoned . . . or both.

Because Fields signed the cable subscription agreement with the PA DOC allegedly "[k]nowing, or highly suspecting The Defendants [sic] [were] not in compliance" with sections 111(d) and 119(b), he now believes his liberty and property interests are now at risk to collateral attack. (Pl.'s Amen. Compl. at 2).

The complaint seeks $7,252,420 in monetary relief, "[a]n order for the Department of Justice to launch a full and formal investigation," costs, and any appropriate punitive damages. (Id. at 4-5). A January 17, 2008, damages amendment increased the sought monetary relief to $21,757,260. (Document #16). On May 6, 2008, Fields filed an affidavit requesting that a default judgment be entered against Schaffer and the PA DOC for $10,786,140. (Document #19). On July 7, 2008, Fields motioned the court to order the clerk to enter the May 6 default judgment.

On August 20, 2008, replies were finally filed. Schaffer's motion argues that Fields has no standing to bring this suit because he has "no stake in the outcome" and that

-4-

Fields' alleged injury cannot be redressed.[7]   Schaffer also argues that Fields has failed to state a claim upon which relief may be granted because any failure by the FCT to comply with federal law is not his responsibility and not attributable to him. The PA DOC filed a 12(b)(1) motion to dismiss on the basis of Eleventh Amendment immunity as a state agency.  Fields has responded to both motions.


## II.  Standard of review

### A.  Standing

Standing is a fundamental justiciability principle determining "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975).  It combines constitutional and prudential limitations on the exercise of judicial power.  Id.  The "irreducible constitutional minimum of standing" has three elements:

> First, the plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must

---

[7] It is not entirely clear as to which Rule 12(b) subsection Schaffer relies on for his standing argument.  It seemingly exists independent of his subsequent Rule 12(b)(6) argument.  Because the Third Circuit has recognized that standing is a jurisdictional requirement, see, e.g., Society Hill Towers Owners' Ass'n v. Rendell, 210 F.3d 168, 175 (3d Cir. 2000) (stating that the challenge to plaintiffs' standing was brought pursuant to Rule 12(b)(1)), I will consider Schaffer's standing argument as a Rule 12(b)(1) motion.

It is worth noting that while this Circuit has expressed concerns about the potential prejudice to a plaintiff resulting from a court's *sua sponte* "conversion" of a 12(b)(1) motion to a 12(b)(6) motion, they are not applicable here.  See, e.g., Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-10 (3d Cir. 1991) (noting that due to the lower threshold requirements for withstanding a 12(b)(1) motion as compared to a 12(b)(6) motion, "transforming a 12(b)(1) motion into a 12(b)(6) motion would 'deprive [] the plaintiffs of the procedural safeguards to which they were entitled.'" (quoting Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980)).  Moreover, Fields was fully aware of the standing challenge.

be a causal connection between the injury and the conduct complained of - the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).

**B. Motion to dismiss under Rule 12(b)(1)**

Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case.  The plaintiff has the burden of establishing subject matter jurisdiction.  Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  "Without jurisdiction the court cannot proceed at all in any case."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

A Rule 12(b)(1) motion may present either a facial or a factual challenge to subject matter jurisdiction.  "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges . . . ."  N.E. Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001) (citing Mortensen, 549 F.2d at 891).

**C. Motion to dismiss under Rule 12(b)(6)**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of a complaint.  Sturm v. Clark, 835 F.2d

1009, 1011 (3d Cir. 1987).   The court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."   Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).   The court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.   Id.   See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).   In considering a Rule 12 (b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims.   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A plaintiff, however, must plead specific factual allegations.   Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.   See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).   When a plaintiff proceeds *pro se*, a court is required to construe the complaint liberally and hold it to a less stringent standard because it is not drafted by an attorney.   Lindsay v. Dunleavy, 177 F. Supp. 2d 398, 401 (E.D. Pa. 2001) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976), Haines v. Kerner, 404 U.S. 519, 521 (1972)).

## III.  Discussion

### A.  Schaffer's motion to dismiss

#### i.  Fields' standing

I will grant Schaffer's motion to dismiss on both grounds: lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.  Turning first to the standing argument, the plaintiff bears the burden of establishing the existence of an injury (actual or imminent), causation, and redressability.  Fields has failed to demonstrate a legally cognizable, redressable injury, and thus, has no standing.

Fields has failed to demonstrate that he has suffered a legally cognizable, redressable injury.  His claims are based on copyright statutes, but he does not claim to hold any copyrights to the broadcasted material.  He was not entitled to receive any royalty fees.  As a result, he has no stake in the outcome of this litigation because he has suffered no injury.  It makes no difference to Fields whether the defendants had complied with 17 U.S.C. §§ 111(d) and 119(b).

To counter the standing objection, Fields alleges that he has suffered or will suffer from imminent injury because he has been made part of a conspiracy.  This argument fails.  "To conspire to defraud the United States means primarily to cheat the government out of property or money, but also means to interfere with or obstruct the government by deceit, craft, trickery, or at least by means that are dishonest."  United States v. McKee,

506 F.3d 225, 238 (3d Cir. 2007) (quoting <u>Hammerschmidt v. United States</u>, 265 U.S. 182 (1924)).  The existence of such an agreement can be drawn from circumstantial evidence and need not necessarily be proven by an express agreement.  <u>See</u> <u>United States v. Barr</u>, 963 F.2d 641, 650 (3d Cir. 1992) ("It is well settled that a written or spoken agreement among alleged co-conspirators is unnecessary; rather, indirect evidence of '[a] mere tacit understanding will suffice.'" (quoting <u>United States v. Brown</u>, 739 F.2d 1136, 1142 (7th Cir. 1984))).

Even accepting all of the complaint's allegations as true and drawing all reasonable inferences in Fields' favor, I find that he has failed to show the existence of any agreement, explicit or tacit, between himself and any other entity to conspire against the United States.[8]  He points to the subscription agreement, but states no facts that could reasonably support the inference that the contract was any sort of agreement to commit a conspiracy.  (Pl.'s Amen. Compl. at 2).   He has failed to show the existence of any intent of any defendant to violate federal law.  Certainly, no facts are alleged to suggest the inference that Schaffer had any intent to violate the law.  While the pleadings are to be liberally construed in favor of the plaintiff, the dearth of any meaningful evidence tending to show a conspiracy is hard to ignore.  Without a conspiracy, there would be no supposed injury.  Without the injury, Fields has no standing to bring his suit.

Assuming Fields has suffered an actual injury, he still lacks standing because there

---

[8] I assume without deciding that this alleged injury is sufficient for standing purposes.

is no remedy that will redress it.  Fields has requested monetary relief, costs, and a

judicial order directing the Department of Justice to launch an investigation.  As

Schaffer's supporting memorandum indicates, "[e]ven assuming that FCT has in fact not

paid the fees as alleged and it is a crime, the crime has already been committed.  Any

relief that this Court could provide will not benefit him."  (Def.'s Mem. at 3 (Document

#24)).  Indeed, it is unclear how any of the requested relief would redress this alleged

injury.

### ii.  Fields has failed to state a claim upon which relief can be granted

I also find that the complaint fails to state a claim upon which relief can be

granted.  First, it does not identify an appropriate statute creating a private right of action

under these facts.  Second, Fields has failed to follow the proper procedures for filing a

*qui tam* action, which may be the only way his claim can be properly considered.

Fields has not identified what private right of action (if any) under Title 17 allows

him to bring this suit.  The only apparent right of action under section 111(d) is for

"person[s] claiming to be entitled to statutory license fees for secondary transmissions . . .

."[9]  § 111(d)(4)(A).  Fields does not claim to be entitled to any statutory license fees.

Similarly, section 119(b) provides a claim procedure for "those copyright owners whose

works were included in a secondary transmission made by a satellite carrier . . . ."  §

---

[9] These would be the statutorily defined set of "copyright owners who claim that their works were the
subject of secondary transmissions by cable systems during the relevant . . . period."  17 U.S.C. § 111(d)(3).

119(b).  As Fields does not claim to be a copyright owner entitled to any such fees, these sections provide no basis for his suit.

Additionally, no other section of Title 17 providing a private right of action encompasses this action.  See, e.g., § 501 (providing a right of action for any copyright owner whose exclusive rights have been infringed), § 502 (granting courts the power to order injunctive relief "to prevent or restrain infringement of a copyright"), § 503 (granting courts the power to impound, destroy, or other reasonable disposition of alleged infringing items), § 504 (establishing monetary liability and the appropriate calculation of such damages), § 505 (granting the court discretion to allow for the recovery of costs and attorney's fees), § 506 (creating criminal liability for willful copyright infringement). While these are only a portion of the statutes setting forth copyright-based actions, it is clear that Fields' claim is not based on any such statutes providing relief in this case.

While Files may have intended to file a *qui tam* action,[10] he did not follow the proper procedures for filing his claim.[11]  "A person . . . bring[ing] a civil action for a violation of section 3729 [the False Claims Act]" must provide "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person

---

[10] Although it alludes to being one, the complaint never labels itself as a *qui tam* action.  The question is seemingly decided by the May 6, 2008, damages amendment, which specifically refers to the complaint as a *qui tam* complaint.

[11] My October 3, 2007, memorandum and order denying Field's motion for clarification briefly addressed his assertion that he was a *qui tam* relator.  (Document #12).  I clearly explained why he could not be considered the government's representative at that time and provided a brief summary of the procedures he would have to follow.

possesses" upon the government.  31 U.S.C.A. § 3730(a)-(b); see also FED. R. CIV. P. 4(i) (describing the procedure for serving the United States).  When a prospective relator following this procedure, the injury to the government (if any does exist) devolves upon him, providing a cure for any potential standing issues.  See Vermont Agency of Natural Resources v. United States ex rel Stevens, 529 U.S. 765, 773 (2000) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor.  The [False Claims Act] can reasonably be regarded as effecting a partial assignment of the Government's damages claim.").  Nothing in Fields' pleadings or memoranda indicate that he followed the procedures described above.  Consequently, he shares in no injury to the government nor can he claim to be acting on its behalf.

Fields has suffered no injury from any alleged failure on Schaffer's part to comply with any cited statute.  Fields' only claim of personal injury is built on conclusory statements regarding an alleged agreement to defraud the government, let alone any intent to defraud.  Fields has alleged no statutory section providing him a private right of action, nor does one appear to exist under these facts.  His failure to properly serve the government forecloses the argument that he is acting as a *qui tam* representative.  For the foregoing reasons, I will grant Schaffer's motion.

### B. The PA DOC's 12(b)(1) motion

The PA DOC has moved to dismiss for lack of subject matter jurisdiction.  The motion specifically raises an Eleventh Amendment defense of immunity to federal court

suits by private parties.  (PA DOC mem. at 2).  It correctly states that Pennsylvania has

expressly withheld its consent to be sued in federal court, and that "[n]o [federal] statute

relied upon by plaintiff in bringing this suit expressly abrogates the Eleventh

Amendment."  (Id. at 2-3).

      Although the PA DOC did not bring Fields' standing into question in its motion, it

can be granted on that basis alone; there is no need to analyze the Eleventh Amendment

issue.  Courts must "raise issues of standing *sua sponte* if such issues exist." Addiction

Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 405 (3d Cir. 2005) (quoting

Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001)).  As discussed above, Fields

lacks standing to bring this suit.

      The standing analysis as to the PA DOC is the same as that for Schaffer.  Fields

has only made blanket allegations that the PA DOC is violating federal law.[12]  He does

not state any facts supporting an inference that he has suffered a legally cognizable injury

due to the PA DOC's actions.  He has not identified any proper statute creating a private

right of action for these facts.  As there is no sufficient injury-in-fact or any appropriate

redress, I will grant the motion.[13]

---

[12] Fields' complaint is not clear as to which statute the PA DOC is violating.  (Pl.'s Am. Compl. at 2).  His response to the PA DOC's motion to dismiss is not illuminating either.  (Pl.'s Resp. (Document #25)).

[13] I note that neither Monigold nor FTC has responded to the Complaint.  This failure to file notwithstanding, I will dismiss the claims against them because the problems with Fields' standing remain unresolved.

### C.  Fields' request for default judgment

Fields has made several requests to have default judgment entered against the defendants for failure to reply.  "The decision whether to grant default judgment is left to the sound discretion of the district court."  Broadcast Music, Inc. v. Spring Mountain Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008).  The court must consider at least three factors in making its decision: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.  Id. (quoting Chamberlain v. Giampapa, 210 F.3d 354, 364 (3d Cir. 2000) (quotation marks omitted)).

In light of Fields' lack of standing to pursue this claim, I need not engage in the factor analysis and will dismiss the request for default judgment.

## IV.  Conclusion

For the foregoing reasons, I will grant both motions and dismiss the request for default judgment and the complaint.[14]  An appropriate Order follows.

---

[14] I am aware that Fields is a *pro se* plaintiff, but his allegations have been entertained twice; he already has had an opportunity to amend his complaint to make it jurisdictionally sufficient.  Additionally, while Fields is quick to point out that Schaffer and the PA DOC's motions were untimely, he glosses over his own failure to file his amended complaint in a timely fashion.  (Compare Document #12 with Document #14 (showing that Fields' amended complaint was received more than one month after my order directing that it be filed within ten days of the order)).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERRON FIELDS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-2498** |
| | : | |
| **JOHN SCHAFFER, et al.,** | : | |
| **Defendants** | : | |

## <u>O R D E R</u>

**STENGEL, J.**

AND NOW, this 6th day of October, 2008, upon consideration of the Pennsylvania Department of Correction's Motion to Dismiss (Document #23), John Schaffer's Motion to Dismiss (Document # 24), and the Plaintiff's pleadings, it is hereby ORDERED that the motions are GRANTED.  Any and all claims pending between the parties in the above-captioned case are DISMISSED with prejudice.  The Clerk of Courts is directed to mark this case CLOSED for all purposes.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.